**Felix EDOHO, Appellant,**

v.

**THE BOARD OF CURATORS OF LINCOLN UNIVERSITY,
Respondent.**

**No. WD 72990.**

Missouri Court of Appeals,
Western District.

May 17, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2011.

Application for Transfer
Denied Aug. 30, 2011.

---

George S. Smith, for Appellant.

Kent L. Brown, for Respondents.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

VICTOR C. HOWARD, Judge.

Felix Edoho appeals the judgment of the trial court dismissing his petition against the Board of Curators of Lincoln University. The judgment is reversed, and the case is remanded to the trial court.

**Factual and Procedural Background**

Mr. Edoho has been employed as a full professor with tenure since 2006 by the Board of Curators of Lincoln University. On June 20, 2006, he was offered employment as Dean of the College of Business and Professional Studies with the rank of full professor with tenure. On July 1, 2006, he was approved for the position at a base salary of $95,000.

On October 14, 2009, Mr. Edoho filed his two-count petition against the Board of Curators. It alleged that the University failed to follow its rules and regulations "concerning salary compensation of administrators who are reassigned to the faculty appointments and failed and continues to fail to compensate [Mr. Edoho] at a salary that complies with Defendant University's Faculty Compensation Plan." Count I for breach of contract alleged that the University failed to follow its rule and regulations "concerning its unilateral reduction in [Mr. Edoho's] salary pursuant to his reassignment to the Faculty." Count II alleged a breach of covenant of good faith and fair dealing "concerning all matters associated with the terms of [Mr. Edoho's] contract with Defendant University and his compensation pursuant to Defendant University's Policy on Reassignment and its Faculty Compensation Plan."

The Board of Curators of Lincoln University filed a motion to dismiss the claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1] The trial court dismissed Mr. Edoho's petition for failure to state a cause of action upon which relief may be granted. On count I, the trial court found that Mr. Edoho failed to file suit within thirty days of the University's final decision[2] as required by section 536.110.1, RSMo Cum.Supp.2009, of the Missouri Administrative Procedure Act (MAPA). The trial court dismissed count II because "any contractual component of said claim is barred by failure to exhaust administrative remedies and if such claim is a tort, the University is immune from suit. Plaintiff's petition fails to allege an exception to this immunity. Moreover, since the University is a state university, it is not a 'person' amenable to suit under 42 U.S.C. § 1983."[3] This appeal by Mr. Edoho follows.

1. The motion to dismiss also alleged lack of personal jurisdiction, lack of legal capacity to sue, and insufficient service of process. These claims were not discussed in the Board of Curator's suggestions in support of its motion to dismiss or in its brief on appeal and are, therefore, deemed abandoned. *Brown v. Hannibal Anesthesia Serv., Inc.*, 972 S.W.2d 646, 647 n. 2 (Mo.App. E.D.1998).

2. The judgment refers to the University's final decision to terminate Mr. Edoho's employment. Mr. Edoho's employment was not, however, terminated. Mr. Edoho's suit con-

cerned the University's decision regarding his salary. The trial court entered another judgment the same day in a case involving a different plaintiff and the Board of Curators of Lincoln University. That case was also appealed to this court. *See Kixmiller v. Bd. of Curators of Lincoln Univ.*, 341 S.W.3d 711 (Mo.App.W.D.2011). The parties and trial court seemingly confused the two cases several times in their motions, briefs, and judgments.

3. Mr. Edoho's petition did not raise a claim under 42 U.S.C. § 1983. Again, the trial

## Standard of Review

A motion to dismiss for failure to state a claim " 'is solely a test of the adequacy of the plaintiff's petition.' " *City of Lake St. Louis v. City of O'Fallon,* 324 S.W.3d 756, 759 (Mo. banc 2010)(quoting *Reynolds v. Diamond Foods & Poultry, Inc.,* 79 S.W.3d 907, 909 (Mo. banc 2002)). "A court reviews the petition 'in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.' " *Id.* (quoting *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993)). The court treats the plaintiff's averments as true and liberally grants the plaintiff all reasonable inferences. *Id.* The credibility or persuasiveness of the facts alleged are not weighed. *Id.* Appellate review of a trial court's grant of a motion to dismiss is *de novo.* *Id.*

## Analysis

In his first point on appeal, Mr. Edoho argues that the trial court erred in dismissing his petition based on lack of subject matter jurisdiction. He contends that the trial court had the authority to hear and decide the matter because failure to exhaust administrative remedies is an affirmative defense. In point two, Mr. Edoho contends that the trial court erred in determining that he failed to exhaust administrative remedies because his claim in count I was not a contested case.[4]

Mr. Edoho is correct that the exhaustion of administrative remedies doctrine has traditionally been characterized as a jurisdictional requirement. *Coleman v. Mo. Sec'y of State,* 313 S.W.3d 148, 154 (Mo.App. W.D.2010). He is also correct that after the Missouri Supreme Court's decisions in *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), and

*McCracken v. Wal–Mart Stores E., L.P.,* 298 S.W.3d 473 (Mo. banc 2009), the concept of subject matter jurisdiction is no longer applicable to evaluation of the effect of a failure to exhaust administrative remedies. *Coleman,* 313 S.W.3d at 154. A circuit court's jurisdiction—a matter determined under Missouri's constitution—is a separate issue from a circuit court's statutory or common law authority to grant relief in a particular case. *McCracken,* 298 S.W.3d at 477; *Treaster v. Betts,* 324 S.W.3d 487, 490 (Mo.App. W.D.2010). A trial court lacks authority to review unexhausted claims as a result of the statutory exhaustion requirement. *Coleman,* 313 S.W.3d at 154.

Contrary to Mr. Edoho's assertions, the trial court did not dismiss his petition based on a lack of subject matter jurisdiction. In dismissing the petition, the trial court found that Mr. Edoho's claims were statutorily time-barred because he failed to file suit within 30 days after the University's final decision pursuant to the MAPA. Allegations based on the statute of limitations or laches are in the nature of affirmative defenses and are usually raised in the answer. *City of Lake Saint Louis,* 324 S.W.3d at 764. When an affirmative defense, such as the statute of limitations, is asserted in a motion to dismiss, however, the petition may not be dismissed unless it clearly establishes " 'on its face and without exception' " that it is barred. *Sheehan v. Sheehan,* 901 S.W.2d 57, 59 (Mo. banc 1995) (quoting *Int'l Plastics Dev., Inc. v. Monsanto Co.,* 433 S.W.2d 291, 294 (Mo. banc 1968)). *See also City of Lake Saint Louis,* 324 S.W.3d at 764 (where petition did not show on its face that the action was barred by the statute of limitations or laches, it would have been error to dismiss on those grounds);

---

court seemingly confused this case with *Kixmiller* where such a claim was brought.

4. These points are the same points raised in *Kixmiller,* 341 S.W.3d at 713–15.

*Treaster,* 324 S.W.3d at 490 n. 6 (when an affirmative defense appears on the face of the petition, a defendant can properly file a motion to dismiss for failure to state a claim upon which relief can be granted). Thus, the question here is whether Mr. Edoho's petition indicated on its face and without exception that suit was barred by the statute of limitations contained in section 536.110.1, RSMo Cum.Supp.2009, of MAPA.

Section 536.110.1 provides, "Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision." Section 536.110.1 applies only to contested cases. *Hagely v. Bd. of Educ. of Webster Groves School Dist.,* 841 S.W.2d 663, 667 (Mo. banc 1992). A "contested case" is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4), RSMo Cum. Supp.2009. An "agency" is "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." § 536.010(2), RSMo Cum.Supp.2009. In 1993, the Missouri Supreme Court held that the Board of Curators of Lincoln University was an agency for purposes of the MAPA and that its dismissal of a tenured professor was a contested case subject to the MAPA's 30–day statute of limitations in section 536.110.1. *Byrd v. Bd. of Curators of Lincoln Univ. of Mo.,* 863 S.W.2d 873, 875 (Mo. banc 1993). In apparent reaction, the General Assembly enacted section 536.018, RSMo 2000, the next year. The statute provides:

> The term "agency" and the term "state agency" as defined by section 536.010 shall not include an institution of higher education, supported in whole or in part from state funds, if such institution has established written procedures to assure that constitutionally required due process safeguards exist and apply to a proceeding that would otherwise constitute a "contested case" as defined in section 536.010.

§ 536.018. Thus, a state-supported higher education institution is removed from the MAPA's adjudicatory and rulemaking requirements as long it has its own written procedures that satisfy constitutional principles of due process for proceedings that would otherwise constitute contested cases. *See State ex rel. Yarber v. McHenry,* 915 S.W.2d 325, 330 n. 3 (Mo. banc 1995) ("The applicability of the MAPA to colleges and universities may now be a moot point because the general assembly has enacted § 536.018, RSMo 1994, which states that the term 'agency' does not include an institution of higher education that has otherwise established constitutionally adequate safeguards.").

Mr. Edoho's petition did not show that Lincoln University had not established constitutionally adequate safeguards and was, thus, an agency for purposes of the MAPA. Because the petition failed to show on its face and without exception that the University was an agency, it failed to show that the University's decision regarding Mr. Edoho's salary was a contested case subject to the statute of limitations in section 536.110.1 of the MAPA. Thus, the trial court erred in dismissing counts I and II of the petition on that basis.

■ In his third point on appeal, Mr. Edoho contends that the trial court erred in dismissing count II of his petition for breach of covenant of good faith and fair dealing on the basis of sovereign immunity because the claim was not grounded in tort but in contract.

■ Under section 537.600, RSMo Cum.Supp.2009, sovereign immunity gen-

erally protects public entities from liability for negligent acts. *Hendricks v. Curators of Univ. of Mo.*, 308 S.W.3d 740, 743 (Mo. App. W.D.2010). Section 537.600 "codifies and limits the common law of sovereign immunity to only tort actions." *Project, Inc. v. Productive Living Bd. For St. Louis County Citizens With Developmental Disabilities*, 234 S.W.3d 597, 604 (Mo. App. E.D.2007) (internal quotes and citation omitted). Sovereign immunity does not apply to suits for breach of contract. *Kunzie v. City of Olivette*, 184 S.W.3d 570, 574 (Mo. banc 2006). In Missouri, a covenant of good faith and fair dealing is implied in every contract. *Spencer Reed Group, Inc. v. Pickett*, 163 S.W.3d 570, 574 (Mo.App. W.D.2005). This covenant prevents one party from acting in a manner that evades the spirit of the transaction or that denies the other party the expected benefit of the contract. *Kopp v. Home Furnishing Ctr., LLC*, 210 S.W.3d 319, 327 (Mo.App. W.D.2006). "Though phrased in moralistic overtones, good faith does not import into contract law the negligence principles of tort law." *Spencer Reed Group*, 163 S.W.3d at 574–75. Court II of Mr. Edoho's petition did not plead a tort action, rather it sounded in contract. The trial court erred in dismissing court II based on sovereign immunity.

The judgment of the trial court dismissing Mr. Edoho's petition is reversed, and the case is remanded to the trial court.

All concur.