**Carl KIXMILLER, Appellant,**

v.

**The BOARD OF CURATORS OF LINCOLN UNIVERSITY, et al., Respondents.**

**No. WD 72999.**

Missouri Court of Appeals, Western District.

May 17, 2011.

George S. Smith, for Appellant.

Kent L. Brown, for Respondents.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

VICTOR C. HOWARD, Judge.

Carl Kixmiller appeals the judgment of the trial court dismissing his petition against the Board of Curators of Lincoln University, Carolyn Mahoney, and Jim Marcantonio. The judgment is reversed, and the case is remanded to the trial court.

**Factual and Procedural Background**

Mr. Kixmiller was hired in 2004 as a boiler operator by the Board of Curators of Lincoln University. On January 31, 2008, his employment with Lincoln University was terminated. Mr. Kixmiller filed a grievance on February 11, 2008, challenging his termination. On February 19, the University's Human Resources Services Director, Jim Marcantonio, completed his investigation of Mr. Kixmiller's grievance, and Mr. Kixmiller was informed of Mr. Marcantonio's conclusions by letter dated February 22, 2008. Thereafter, on February 26, 2008, Mr. Kixmiller, through his attorney, requested a review before the University's Internal Grievance Panel. On March 23, 2008, a hearing was held before a subcommittee of the Internal Grievance Panel. Mr. Kixmiller was informed by

letter dated March 28, 2008, that the Grievance Panel had completed its investigation and that he could appeal to the President within five days. On April 18, 2008, the University's President, Carolyn Mahoney, informed Mr. Kixmiller that "the process will be restarted." It never was.

On October 14, 2009, Mr. Kixmiller filed his two-count petition against the Board of Curators of Lincoln University and Carolyn Mahoney, and Jim Marcantonio in their official and individual capacities. In count I, Mr. Kixmiller sought a declaratory judgment as to his rights relating to the termination of his employment with the University. In count II against the individual defendants, Mr. Kixmiller sought damages for violation of due process.

■ Defendants filed a motion to dismiss the claims for failure to state a claim upon which relief can be granted for three reasons—Mr. Kixmiller's claims were barred by the thirty-day statute of limitations in section 536.110.1, RSMo Cum. Supp.2009, of the Missouri Administrative Procedure Act (MAPA); Lincoln University was protected by sovereign immunity; and count I for declaratory judgment should have been dismissed because Mr. Kixmiller had another adequate remedy, judicial review for contested cases under

the MAPA.[1] The trial court dismissed Mr. Kixmiller's petition finding that he failed to file suit within thirty days under the MAPA. This appeal by Mr. Kixmiller followed.

## Standard of Review

■ A motion to dismiss for failure to state a claim " 'is solely a test of the adequacy of the plaintiff's petition.' " *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010)(quoting *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002)). "A court reviews the petition 'in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.' " *Id.* (quoting *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993)). The court treats the plaintiff's averments as true and liberally grants the plaintiff all reasonable inferences. *Id.* The credibility or persuasiveness of the facts alleged are not weighed. *Id.* Appellate review of a trial court's grant of a motion to dismiss is *de novo*. *Id.* The appellate court must affirm the trial court's ruling if the motion to dismiss could have been sustained on any of the meritorious grounds raised in the motion regardless of whether the trial court ruled on that particular ground. *Breeden*, 273

---

1. The motion to dismiss also alleged lack of subject matter jurisdiction, lack of personal jurisdiction, lack of legal capacity to sue, and insufficient service of process. These claims were not discussed in Defendants' suggestions in support of the motion to dismiss or in their brief on appeal and are, therefore, deemed abandoned for purposes of this appeal. *Brown v. Hannibal Anesthesia Serv., Inc.*, 972 S.W.2d 646, 647 n. 2 (Mo.App. E.D.1998). Defendants also alleged additional reasons in their suggestions in support that the petition failed to state a claim upon which relief can be granted but did not develop an argument for those reasons, cite authority supporting them, or discuss them in their brief on ap-

peal. Those claims are also deemed abandoned for purposes of this appeal. *Id.* Finally, at oral argument, counsel for Defendants also argued that Mr. Kixmiller's petition was properly dismissed for failure to state a cause of action upon which relief can be granted because Mr. Kixmiller was an employee at will and, therefore, did not have a property interest in continued employment entitling him to due process. This ground was not raised in the Defendant's motion to dismiss. An appellate court will not affirm the dismissal of a petition on grounds not stated in the motion. *Breeden v. Hueser*, 273 S.W.3d 1, 6 (Mo.App. W.D.2008). The argument is, therefore, not addressed in this appeal.

S.W.3d at 6 (internal quotes and citation omitted).

## Analysis

In his first point on appeal, Mr. Kixmiller argues that the trial court erred in dismissing his petition based on lack of subject matter jurisdiction. He contends that the trial court had the authority to hear and decide the matter because failure to exhaust administrative remedies is an affirmative defense. In point two, Mr. Kixmiller contends that the trial court erred in determining that he failed to exhaust administrative remedies because his claim was not a contested case.[2]

■■■ Mr. Kixmiller is correct that the exhaustion of administrative remedies doctrine has traditionally been characterized as a jurisdictional requirement. *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 154 (Mo.App. W.D.2010). He is also correct that after the Missouri Supreme Court's decisions in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), and *McCracken v. Wal–Mart Stores E., L.P.*, 298 S.W.3d 473 (Mo. banc 2009), the concept of subject matter jurisdiction is no longer applicable to evaluation of the effect of a failure to exhaust administrative remedies. *Coleman*, 313 S.W.3d at 154. A circuit court's jurisdiction—a matter determined under Missouri's constitution—is a separate issue from a circuit court's statutory or common law authority to grant relief in a particular case. *McCracken*, 298 S.W.3d at 477; *Treaster v. Betts*, 324 S.W.3d 487, 490 (Mo.App. W.D.2010). Now, a circuit court lacks authority to review unexhausted claims as a result of the statutory exhaustion requirement. *Coleman*, 313 S.W.3d at 154.

■■■ Contrary to Mr. Kixmiller's assertions, the trial court did not dismiss his petition based on a lack of subject matter jurisdiction. In dismissing the petition, the trial court found that Mr. Kixmiller's claims were statutorily time-barred because he failed to file suit within thirty days after his termination pursuant to the MAPA. Allegations based on the statute of limitations or laches are in the nature of affirmative defenses and are usually raised in the answer. *City of Lake Saint Louis*, 324 S.W.3d at 764. When an affirmative defense, such as the statute of limitations, is asserted in a motion to dismiss, however, the petition may not be dismissed unless it clearly establishes " 'on its face and without exception' " that it is barred. *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995) (quoting *Int'l Plastics Dev., Inc. v. Monsanto Co.*, 433 S.W.2d 291, 294 (Mo. banc 1968)). *See also City of Lake Saint Louis*, 324 S.W.3d at 764 (where petition did not show on its face that the action was barred by the statute of limitations or laches, it would have been error to dismiss on those grounds); *Treaster*, 324 S.W.3d at 490 n. 6 (when an affirmative defense appears on the face of the petition, a defendant can properly file a motion to dismiss for failure to state a claim upon which relief can be granted). Thus, the question here is whether Mr. Kixmiller's petition indicated on its face and without exception that suit was barred by the statute of limitations contained in section 536.110.1 of MAPA.

■■■ Section 536.110.1 provides, "Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days

---

**2.** The trial court entered another judgment the same day in a case involving a different plaintiff and the Board of Curators of Lincoln University. That case was also appealed to this court and raised the same two points on appeal. *See Edoho v. Bd. of Curators of Lincoln Univ.*, WD72990, —— S.W.3d ——, 2011 WL 1842740 (Mo.App.W.D. May 17, 2011).

after the mailing or delivery of the notice of the agency's final decision." Section 536.110.1 applies only to contested cases. *Hagely v. Bd. of Educ. of Webster Groves School Dist.,* 841 S.W.2d 663, 667 (Mo. banc 1992). A "contested case" is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4), RSMo Cum.Supp.2009. An "agency" is "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." § 536.010(2), RSMo Cum.Supp. 2009. In 1993, the Missouri Supreme Court held that the Board of Curators of Lincoln University was an agency for purposes of the MAPA and that its dismissal of a tenured professor was a contested case subject to the MAPA's 30–day statute of limitations in section 536.110.1. *Byrd v. Bd. of Curators of Lincoln Univ. of Mo.,* 863 S.W.2d 873, 875 (Mo. banc 1993). In apparent reaction, the General Assembly enacted section 536.018, RSMo 2000, the next year. The statute provides:

> The term "agency" and the term "state agency" as defined by section 536.010 shall not include an institution of higher education, supported in whole or in part from state funds, if such institution has established written procedures to assure that constitutionally required due process safeguards exist and apply to a proceeding that would otherwise constitute a "contested case" as defined in section 536.010.

§ 536.018. Thus, a state-supported higher education institution is removed from the MAPA's adjudicatory and rulemaking requirements as long it has its own written procedures that satisfy constitutional principles of due process for proceedings that would otherwise constitute contested cases. *See State ex rel. Yarber v. McHen-*

*ry,* 915 S.W.2d 325, 330 n. 3 (Mo. banc 1995) ("The applicability of the MAPA to colleges and universities may now be a moot point because the general assembly has enacted § 536.018, RSMo 1994, which states that the term 'agency' does not include an institution of higher education that has otherwise established constitutionally adequate safeguards.").

Mr. Kixmiller's petition avers that the University's rules and regulations represented to employees that reasons would be provided and a hearing would be allowed before termination implying a self-imposed prohibition against terminating an employee unfairly and a promise not to terminate without providing some procedural due process. In *Daniels v. Bd. of Curators of Lincoln Univ.,* 51 S.W.3d 1 (Mo.App. W.D. 2001), such provisions in a university's handbook and manual established a protected property interest in a public employee in continued employment entitling him to some procedural due process including notice of the reasons for termination and an opportunity to be heard. *Id.* at 10. Taking the averment in Mr. Kixmiller's petition as true, it cannot be said that Lincoln University had not established constitutionally adequate safeguards and was, thus, an agency for purposes of the MAPA. Because the petition did not establish on its face and without exception that Lincoln University was an agency, it failed to establish that the University's decision regarding Mr. Kixmiller's termination was a contested case subject to the statute of limitations in section 536.110.1 of the MAPA. The trial court erred in dismissing the petition on that basis.

■ Because the trial court's dismissal of Mr. Kixmiller's petition must be affirmed if the motion to dismiss could have been sustained on any of the grounds raised in the motion, *Breeden,* 273 S.W.3d

at 6, the other grounds raised and argued in the Defendants' motion to dismiss are addressed. The motion to dismiss also claimed that count I for declaratory judgment should have been dismissed because Mr. Kixmiller had another adequate remedy, judicial review for contested cases under the MAPA. As discussed above, because the petition failed to show on its face that Lincoln University was an agency under the MAPA, it failed to establish that the University's decision regarding Mr. Kixmiller's termination was a contested case subject to judicial review. The contested case provisions of the MAPA, therefore, did not provide Mr. Kixmiller with another adequate remedy. It would have been error to dismiss on this ground. The motion to dismiss also claimed that Lincoln University was not a "person" subject to suit under 42 U.S.C. § 1983 and was otherwise protected from suit by sovereign immunity. Mr. Kixmiller's count for violation of due process was brought against the individual defendants not Lincoln University. It would have been error to dismiss on these grounds.

The judgment is reversed, and the case is remanded to the trial court.

All concur.