Galen SUPPES, Appellant,

v.

The CURATORS OF THE UNIVERSITY OF MISSOURI, Respondent.

WD 80231

Missouri Court of Appeals,
Western District.

Opinion filed: June 20, 2017

CORRECTED: June 26, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied
August 1, 2017

Application for Transfer to Supreme
Court Denied October 31, 2017

826

George S. Smith, for Appellant.

Shelly A. Kintzel, Jefferson City, for Respondent.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor C. Howard, Judge and Cynthia L. Martin, Judge

1. All statutory references are to RSMo 2016

## VICTOR C. HOWARD, JUDGE

Galen Suppes appeals the trial court's grant of judgment on the pleadings in favor of the Curators of the University of Missouri (University) on Suppes's declaratory judgment and injunctive relief action challenging the University's procedures for dismissal for cause. The judgment is affirmed.

### Factual and Procedural Background

Suppes's pleadings, which are taken as true for the purposes of this appeal, asserted that the University is a body politic created pursuant to the Missouri Constitution and section 172.010.[1] It operates a campus in Columbia where Suppes is employed as a tenured full professor in the College of Engineering.

The University has established written procedures for dismissal of tenured faculty for cause found in Collected Rules and Regulations (CRR) 310.060. They require the faculty member be notified in writing of the proposed action for dismissal and the reasons therefore "stated with reasonable particularity." CRR 310.060.B.2.a. The faculty member may request a hearing by the University Faculty Committee on Tenure (FTC). *Id.* At the hearing, which is recorded, the parties may be represented by counsel, make opening statements, present witnesses and exhibits, cross-examine witnesses, and make statements to the FTC. CRR 310.060.B.5, B.7 & C. Following the hearing, the FTC makes a written, official report by majority vote, with findings of fact as to each count and a recommendation on the whole charge. CRR 310.060.B.9. The FTC's official report is transmitted to the Chancellor, and after giving due consideration to the FTC's report, the Chancellor makes a determination in the matter or may remand it to the

unless otherwise indicated.

FTC for further proceedings. CRR 310.060.B.9 & D.1. The parties may appeal the Chancellor's decision to the President of the University, who may affirm, reverse, or remand the case for further proceedings after reviewing the full record of the case. CRR 310.060.D. The parties may appeal the President's decision to the Board of Curators of the University, where the parties have the right of appearance before a committee of the Board. CRR 310.060.D.3.a & D.3.b.

By letter dated September 2, 2016 (charge letter), Suppes was notified that the University was initiating proceedings under CRR 310.060 to dismiss him for cause. The charge letter included thirty pages of detailed charges and forty-two exhibits. The letter also included a "Notice of Your Right to Hearing" notifying Suppes of his right under CRR 310.060.B to request a hearing before the FTC. By letter dated September 26, 2016, Suppes was notified that the CRR 310.060 proceedings were beginning.

Suppes filed a declaratory judgment action to declare that the University's written procedures for dismissal for cause CRR 310.060 do not meet the statutory requirements of a contested case under the Missouri Administrative Procedures Act (MAPA) and thus do not provide him with due process. He further requested the entry of a temporary restraining order, preliminary injunction, and permanent injunction preventing University from proceeding with dismissal for cause under CRR 310.060.

The University filed its answer and, thereafter, a motion for judgment on the pleadings. It argued that section 536.018 does not require that the University's procedures conform to the requirements of a contested case under the MAPA but that they assure that constitutionally required due process safeguards exist and apply. It further argued that the University's procedures do provide Suppes with such due process.

The trial court granted the University's motion for judgment on the pleadings. This appeal by Suppes followed.[2]

## Standard of Review

"The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007). "The well-pleaded facts of the non-moving party's pleading are treated as admitted for purposes of the motion." *Id.* The grant of judgment on the pleadings will be affirmed on appeal if the facts pleaded by the petitioner, together with the benefit of all reasonable inferences drawn therefrom, show that petitioner could not prevail under any legal theory. *Emerson Elec. Co. v. Marsh & McLennan Cos.*, 362 S.W.3d 7, 12 (Mo. banc 2012).

## Discussion

In his three points on appeal, Suppes challenges the trial court's granting of the University's motion for judgment on the pleadings. He asserts that he pleaded sufficient facts that CRR 310.060 fails to meet the requirements of section 536.018 that the University provide constitutional due process that would otherwise constitute a contested case under the MAPA.

Suppes's arguments involve the interpretation of section 536.018. The primary rule in statutory interpretation is to ascer-

---

2. The Curators filed a motion to dismiss the appeal, which was taken with the case. The motion to dismiss is denied.

tain and give effect to legislative intent as expressed in the plain language of the statute. *State ex rel. Burns v. Whittington*, 219 S.W.3d 224, 225 (Mo. banc 2007). The legislature is presumed to know the existing law when enacting new legislation. *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 352 (Mo. banc 2001). Courts must avoid interpreting a statute in a way that renders its language meaningless or unreasonable. *State v. Jackson*, 433 S.W.3d 390, 414 (Mo. banc 2014). "It is presumed that every word, clause, sentence and provision of a statute have effect and that idle verbiage or superfluous language was not inserted into a statute." *State ex rel. Killingsworth v. George*, 168 S.W.3d 621, 625 (Mo. App. E.D. 2005).

In *Byrd v. Board of Curators of Lincoln University of Missouri*, 863 S.W.2d 873, 875 (Mo. banc 1993), the Missouri Supreme Court found that a state university was a state agency subject to the MAPA and that the dismissal of a tenured professor was a contested case within the meaning of the MAPA. *Id.*

 In apparent reaction to *Byrd*, the General Assembly enacted section 536.018 the next year. The statute provides:

> The term "agency" and the term "state agency" as defined by section 536.010 shall not include an institution of higher education, supported in whole or in part from state funds, if such institution has established written procedures to assure that constitutionally required due process safeguards exist and apply to a proceeding that would otherwise constitute a "contested case" as defined in section 536.010.

§ 536.018. "Thus, a state-supported higher education institution is removed from the MAPA's adjudicatory and rulemaking requirements as long as it has its own written procedures that satisfy constitutional principles of due process for proceedings that would otherwise constitute contested cases." *Edoho v. Bd. of Curators of Lincoln Univ.*, 344 S.W.3d 794, 798 (Mo. App. W.D. 2011); *Kixmiller v. Bd. of Curators of Lincoln Univ.*, 341 S.W.3d 711, 715 (Mo. App. W.D. 2011).

Suppes argues that under section 536.018, a university is exempt from the procedures and rules of the MAPA if it provides its own contested case procedures. He then asserts that the University's procedures for dismissal for cause under CRR 30.060 do not constitute a contested case because the Chancellor and/or the Board of Curators are vested with the ultimate decision making authority and can make a decision contrary to the FTC's recommendation. He cites three cases where a decision was found not to be a contested case because the hearing did not determine legal rights, duties, or privileges and the ultimate decision maker operated independently from the hearing. *See Kunzie v. City of Olivette*, 184 S.W.3d 570, 573 (Mo. banc 2006); *McCoy v. Caldwell Co.*, 145 S.W.3d 427, 428-29 (Mo. banc 2004); *Sanders v. City of Columbia*, 481 S.W.3d 136, 144 (Mo. App. W.D. 2016).

 Suppes's arguments require the phrase "that would otherwise constitute a contested case" to modify "constitutionally required due process safeguards." However, this interpretation is at odds with the grammatical construction of the statute and its purpose. Under the last antecedent rule, relative or qualitative words are to be applied only to the words or phrases preceding them and not as extending to or including others more remote. *Spradling v. SSM Health Care of St. Louis*, 313 S.W.3d 683, 688 (Mo. banc 2010). While the rule is not always mandatory in statutory interpretation where extension to a more remote antecedent is clearly required by

the statute, *Id.*, such is not the case here. The purpose of section 536.018 is to exempt state universities from the requirements of the MAPA as long as they provide constitutionally required due process. *State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 330 n.3 (Mo. banc 1995); *Jennings v. Bd. of Curators of Mo. State Univ.*, 386 S.W.3d 796, 800 (Mo. App. S.D. 2012). To adopt Suppes's interpretation that a state university is exempt from the MAPA requirements as long as it provides due process that meets the MAPA's specific procedural steps for a contested case would deprive section 536.018 of its purpose and render it meaningless. The phrase "that would otherwise constitute a contested case" modifies the preceding term "a proceeding." As determined in *Byrd*, 863 S.W.2d at 875, Suppes's dismissal as a tenured professor at a state university is a proceeding that would otherwise constitute a contested case within the meaning of the MAPA. Thus, to be excluded from the definition of agency and the requirements of the MAPA under section 536.018, the University's procedures must provide constitutionally required due process.

■ The University does not dispute that a tenured professor of a state university has a property interest in continued employment that is safeguarded by due process. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-77, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Constitutional due process requires that the deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)(internal quotes and citation omitted). "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employ-

er's evidence, and an opportunity to present his side of the story." *Id.* at 546, 105 S.Ct. 1487. *See also de Llano v. Berglund*, 282 F.3d 1031, 1034-35 (8th Cir. 2002). A pre-termination hearing need not be elaborate, and "something less" than a full evidentiary hearing is sufficient. *Loudermill*, 470 U.S. at 545, 105 S.Ct. 1487 (internal quotes and citation omitted). Such hearing "should be an initial check against mistaken decision—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545-46, 105 S.Ct. 1487. *See also de Llano*, 282 F.3d at 1035.

■ Suppes did not plead any facts in his petition alleging that the University's CRR 310.060 do not meet such constitutional requirements for due process, and, indeed, the pleadings show CRR 310.060 satisfies due process. It requires that the employee be notified in writing "with reasonably particularity" of the reasons for dismissal. It allows the employee to request a hearing by a committee. The hearing procedures allow the parties to be represented by counsel, present witnesses and admit exhibits, and cross-examine witnesses. Following the hearing, the committee, by majority vote, makes an official report with findings of fact on each count and a recommendation as the charge as a whole. After considering the report, the Chancellor makes a determination in the matter. The Chancellor's decision may then be appealed to the University's President, who may affirm, reverse, or remand the case for further proceedings. The President's decision may then be appealed to the Board of Curators of the University, where the parties have the right of appearance before a committee of the Board. CRR 310.060 provides more than sufficient notice and an opportunity to be heard and

respond to the charges as well as a review process.

■ Suppes's arguments that the University's procedures fail to provide due process because the Chancellor and/or the Board of Curators are vested with the ultimate decision making authority and can make a decision contrary to the FTC's recommendation are rejected. Such arguments are based on the MAPA. However, federal law, not the state law, determines what constitutes adequate procedural due process. *de. Llano*, 282 F.3d at 1035 (citing *Loudermill*, 470 U.S. at 541, 105 S.Ct. 1487). Once it is determined that one is afforded with notice and an opportunity to be heard in accordance with *Loudermill*, the constitutional requirement is satisfied. *Id.* CRR 310.060 more than satisfies constitutionally required due process.

Viewing all well-pleaded facts in the petition as true, the pleadings demonstrate that the Curators are entitled to judgment as a matter of law. The University meets the requirements of section 536.018 and is excluded from the definition of "agency" and not subject to the MAPA, including the contested case provisions. The points are denied.

The judgment of the trial court is affirmed.

All concur.