

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DAVID GORDON d/b/a GRANDMA'S )
OFFICE CATERING, et al., )
                                     )
                   Appellants, )
                                      )    **WD77499**
v. )
                                        )    **OPINION FILED:**
                                        )    **November 25, 2014**
THE CITY OF KANSAS CITY, )
MISSOURI, )
                                       )
                   Respondent. )

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Bryan E. Round, Judge

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Cynthia L. Martin and Gary D. Witt, Judges

David Gordon d/b/a Grandma's Office Catering and Grandma's Office Catering, LLC d/b/a Grandma's Office Catering (collectively "Gordon") appeal the circuit court's dismissal with prejudice of his petition for review of a decision of the City of Kansas City denying a refund of taxes paid. Because the trial court erred in dismissing the petition, we reverse.

**Facts**[1]

Under the statutory authority of section 92.325-340,[2] the City of Kansas City imposes a "convention and tourism tax" ("the tax"), which includes "[a] tax not to exceed two percent of the gross receipts derived from the retail sales of food by every person operating a food establishment."[3] § 92.327.1(2), .2; KANSAS CITY, MO., CODE art. IX, § 68-551(a)(2), (b) (2014). Gordon opened a catering business in Kansas City in 2006 and collected and paid the tax every month that he was in business. In 2009, Gordon filed amended tax returns with the City, along with correspondence alleging that he was not subject to the tax because he did not operate a food establishment[4] as that term is defined in section 92.325 and local ordinance. Gordon also requested a refund of taxes paid. The City's Finance Department denied the refund via letter without providing a hearing. The denial letter, dated March 24, 2009, included the following language, which was quoted verbatim from the City's municipal code, section 68-573:

> Final decisions . . . may be appealed within 30 days after receiving notice of such decision by filing with the [D]irector of [F]inance a written notice of appeal setting forth the grounds therefor . . . . Final decisions of the [D]irector of [F]inance may be appealed as provided in RSMo ch. 536.

On April 20, 2009, Gordon filed a notice of appeal with the Director of Finance, per the instructions set out in the City's code. The City did not hold a hearing following receipt of Gordon's letter, and apparently there was no correspondence between the parties until Gordon instituted this action in September of 2013.

---

[1] "When reviewing 'the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs.'" *Damon v. City of Kansas City*, 419 S.W.3d 162, 175 (Mo. App. W.D. 2013) (quoting *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008)).

[2] All statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2013 Cumulative Supplement, unless otherwise noted.

[3] The statute provides authority for an additional tax that is not at issue in this appeal.

[4] A "food establishment" is "any cafe, cafeteria, lunchroom or restaurant which sells food at retail." § 92.325(2); KANSAS CITY, MO., CODE art. IX, § 68-555.

In his petition, Gordon alleged that he was not subject to the tax, that the Finance Department had denied the refund claim, that Gordon had subsequently appealed the denial to the Director of Finance, and "[t]hat the City has not responded to the notice of appeal." Gordon sought "judicial review pursuant to [sections] 536.100 and 536.50 [sic],"[5] and prayed for relief, including a judgment against the City in the amount of the taxes collected, costs and reasonable attorneys fees, and a declaratory judgment that "caterers are not food establishments for purposes of" the tax.

The City filed a motion to dismiss, and later, an amended motion to dismiss. In the amended motion to dismiss, the City argued that: (1) the court lacked subject matter jurisdiction because the claim for refund was not a contested case and, even if it were, Gordon's appeal was untimely; and (2) declaratory judgment under section 536.050 was available only in a challenge to the validity of an agency rule, and the denial of the requested refund was not a statement of general applicability[6] that could be characterized as a rule. The trial court granted dismissal with prejudice, holding:

> Circuit court jurisdiction for judicial review of administrative decisions under [s]ection 536.100 RSMo is limited to actions where a person has exhausted all administrative remedies provided by law and is aggrieved by a final decision in a contested case.

> [The City's] administrative proceeding . . . was not a contested case for purposes of judicial review because there was no requirement by law for a hearing before the agency.

> Because the proceeding challenged by [Gordon] was not a contested case, [Gordon is] not entitled to judicial review, and the Court lacks jurisdiction for judicial review under [section] 536.100[.]

---

[5] There is no section 536.50. It is most reasonable to assume that Gordon intended to rely on either section 536.050, which states "[t]he power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof," or section 536.150, which provides for judicial review of non-contested administrative decisions.

[6] "'Rule' means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency." § 536.010(6).

> The right to a declaratory judgment under [s]ection 536.050 is limited to the validity of agency rules or the threatened application of agency rules.

> [Gordon's] request for declaratory judgment . . . is a challenge to [the City's] agency decision rather than an agency rule, so that [Gordon is] not entitled to a declaratory judgment under [s]ection 536.050[.]

Gordon timely appealed.

## Analysis

Gordon challenges the trial court's dismissal on two grounds. In his first point, Gordon argues: (1) that the trial court erred in dismissing his petition for lack of subject matter jurisdiction because this is a civil matter and circuit courts have jurisdiction over all civil cases; and (2) that, had the trial court treated the City's amended motion as one to dismiss for failure to state a claim, the City's motion should have been denied because the petition adequately stated a claim for judicial review of a non-contested case. In his second point, Gordon argues that the trial court erred in dismissing the petition with prejudice instead of without prejudice. Because we find Point I dispositive, we do not reach Point II.

Gordon argues that the trial court erred in granting the City's motion to dismiss his petition for lack of subject matter jurisdiction because under *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), Missouri circuit courts have jurisdiction over all civil matters. On appeal, the City concedes that Gordon is "correct that under the *Wyciskalla* standard the trial court would have had subject matter jurisdiction over the case." We agree with the parties that the trial court erred in dismissing Gordon's petition for lack of subject matter jurisdiction.

"The essential bases of a court's authority to adjudicate a controversy are its jurisdiction over the subject matter of the controversy and jurisdiction over the parties." *McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 476 (Mo. banc 2009) (quoting *In re Marriage of*

4

*Hendrix*, 183 S.W.3d 582, 587-88 (Mo. banc 2006)). "Missouri's constitution is unequivocal in stating that circuit courts 'have original jurisdiction *over all cases and matters*, civil and criminal.'" *Id.* at 476-77 (quoting Mo. Const. art. V, § 14). "[T]o the extent that some cases have held that a court has no jurisdiction to determine a matter over which it has subject matter and personal jurisdiction, those cases have confused the concept of a circuit court's jurisdiction—a matter determined under Missouri's constitution—with the separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case." *Id.* at 477. Thus, it was error for the trial court to grant a motion to dismiss for lack of subject matter jurisdiction where the real issue was whether the trial court had statutory authority to grant relief.[7]

Both the City and Gordon argue that the City's amended motion to dismiss should have been treated as a motion to dismiss for failure to state a claim upon which relief could be granted under Rule 55.27(a)(6). Though the City's amended motion sought dismissal for lack of subject matter jurisdiction, the City argued both that Gordon was not entitled to contested case review under sections 536.100-.140 because City was not required to hold a hearing on Gordon's claim for refund of taxes, and that Gordon was not entitled to declaratory judgment relief under section 536.050 because the underlying decision was not an administrative rule.

We need not decide whether the City's amended motion adequately raised the defense that the trial court lacked statutory authority to grant the relief under sections 536.100-.140 or 536.050 because Gordon appeals neither finding. Despite expressly requesting judicial review under the contested case provisions of sections 536.100-.140 and strenuously arguing below that

---

[7] We note that, if the dismissal for lack of subject matter jurisdiction had been proper, it would have been error to dismiss the petition with prejudice, as the trial court did. "A dismissal for lack of subject matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits." *Seldomridge v. Gen. Mills Operations, Inc.*, 140 S.W.3d 58, 63-64 (Mo. App. W.D. 2004).

he was seeking judicial review of a contested case, in his principal brief to this court Gordon does not challenge the trial court's finding that he could not proceed with a claim for contested case review. And in his reply brief, Gordon expressly states that he "d[oes] not argue that the circuit court was wrong to treat the case as a non-contested case."[8] Nor does Gordon seek review of the trial court's finding that the underlying decision was not a rule and thus not subject to review under section 536.050. Rather, Gordon argues only that the trial court's dismissal was erroneous because the petition adequately stated a claim for judicial review of a *non*-contested case. Where a party has expressly "abandoned . . . arguments on appeal, . . . we need not and do not address" them. *Midgyett v. State*, 392 S.W.3d 8, 12 n.1 (Mo. App. W.D. 2012).

Although the trial court's dismissal was not expressly based upon the ground that Gordon failed to state a claim for *non*-contested case review, the issue was before the trial court, and that ruling is implicit in the trial court's dismissal of Gordon's petition. In its "First Amended Motion to Dismiss Plaintiff's Petition and Suggestions in Support," the City argued that "[b]ecause this is a noncontested case . . . [a]ny right [Gordon] may have to judicial review would be by injunction, certiorari, mandamus, prohibition or other action pursuant to RSMO § 536.150, which [he has] not pled." Therefore, we will determine whether Gordon's petition stated a claim for non-contested case review.

"Appellate review of a trial court's grant of a motion to dismiss is *de novo*." *Kixmiller v. Bd. of Curators of Lincoln Univ.*, 341 S.W.3d 711, 713 (Mo. App. W.D. 2011). "A motion to dismiss for failure to state a claim 'is solely a test of the adequacy of the plaintiff's petition.'" *Id.* (quoting *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010)). "'A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that

---

[8] At oral argument, Gordon left open the possibility that he was seeking contested case review.

case.'" *Id.* (quoting *City of Lake St. Louis*, 324 S.W.3d at 759). "The court treats the plaintiff's averments as true and liberally grants the plaintiff all reasonable inferences." *Id.* "The credibility or persuasiveness of the facts alleged are not weighed." *Id.*

We assume that the trial court did not apply this deferential standard because a motion to dismiss for failure to state a claim (the issue properly before the trial court) is reviewed under a different standard than a motion claiming lack of subject matter jurisdiction (the issue the trial court believed it was addressing). "This difference is significant because a motion to dismiss for lack of subject matter jurisdiction [is] subject to a preponderance of the evidence standard," while other defenses raised in a motion to dismiss "may not be granted . . . absent a showing that the petition clearly establishes 'on its face and without exception that it'" fails to state a claim. *Whithaus v. Curators of Univ. of Mo.*, 347 S.W.3d 102, 104 (Mo. App. W.D. 2011) (quoting *Kixmiller*, 341 S.W.3d at 714). Therefore, we will determine whether, on its face, the petition failed to state a claim.

It is helpful to begin our analysis with a brief discussion of the distinction between contested and non-contested case review under Chapter 536. The Missouri Administrative Procedures Act (MAPA), set out in Chapter 536, provides for judicial review of administrative decisions in both contested cases (section 536.100-.140) and non-contested cases (section 536.150).[9] Under section 536.100, "[a]ny person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a *contested case*, . . . shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140." (Emphasis added.)

---

[9] The MAPA also provides a mechanism for challenging the validity of administrative rules. § 536.050.

"'Contested case' means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4).[10]

Although a petition may seek relief in the alternative, judicial review under the contested case and non-contested case provisions of Chapter 536 are mutually exclusive, as are the remedies available under contested case and non-contested case review. Equitable remedies and declaratory judgments are unavailable when contested case review is sought under sections 536.100-.140. *Deffenbaugh Indus., Inc. v. Potts*, 802 S.W.2d 520, 523 (Mo. App. W.D. 1990). "It is not only the construct of [sections 536.100-.140] that withholds from the circuit court on judicial review [of contested cases] the power of equity and for declaratory judgment. It is also precluded by the principle that equity will not act where an adequate remedy at law remains for redress." *Id.* Stated another way, sections 536.100-.140 provide legal remedies for redress of erroneous decisions of administrative agencies in contested cases, while section 536.150 provides equitable relief for erroneous decisions in non-contested administrative cases. § 536.150 ("such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action"); *Kixmiller*, 341 S.W.3d at 716 (declaratory judgment relief is available for non-contested case review); *Legal Commc'n Corp. v. St. Louis Cnty. Printing & Publ'g Co., Inc.*, 24 S.W.3d 744, 749 (Mo. App. E.D. 2000) (same).

The City admits that the administrative decision from which Gordon seeks judicial review is a non-contested case subject to review under section 536.150. But the City claims that a party disputing an administrative decision has to choose between two distinct paths for relief under Chapter 536 and that Gordon chose the wrong path. In other words, the City relies on the fact that Gordon sought review under section 536.100 and failed to explicitly mention

---

[10] "The 'law' referred to in the contested case definition encompasses any statute or ordinance, or any provision of the state or federal constitutions that mandates a hearing." *State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 328 (Mo. banc 1995).

8

section 536.150. Thus, the City argues, Gordon failed to state a claim for non-contested case review. We disagree.

As noted *supra*, in addressing a motion to dismiss for failure to state a claim, the trial court reviews the petition "'to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause *that might be adopted in that case*.'" *Kixmiller*, 341 S.W.3d at 713 (quoting *City of Lake St. Louis*, 324 S.W.3d at 759) (emphasis added). The City acknowledges that Gordon's petition sets out facts surrounding the denial of the tax refund that could have supported a claim for non-contested case review. It is not clear from the face of the petition that Gordon sought review under section 536.100 to the exclusion of non-contested case review. A party may plead a claim for both contested and non-contested case review in the alternative. *See Phipps v. Sch. Dist. of Kansas City*, 588 S.W.2d 128, 134 (Mo. App. W.D. 1979) (a party may request "relief either under the provisions relating to contested cases or alternatively under [section] 536.150 . . . relating to uncontested cases.").

Although Gordon's petition did not mention section 536.150, it plainly sought relief in the form of a declaratory judgment. Declaratory judgment relief is not a remedy available in contested case review under section 536.100, but it is a remedy available under section 536.150. *Legal Commc'ns Corp.*, 24 S.W.3d at 749 (section 536.150 provides the right to bring a declaratory judgment action). In response to the City's amended motion to dismiss, Gordon indicated that he was seeking a declaratory judgment as an alternative remedy should the court find that the underlying administrative decision was not a contested case. In addition, the language used in the petition did not suggest that Gordon was seeking exclusively contested case review. Gordon's petition does not use the phrase "contested case" in addressing the administrative decision from which review is sought. The petition does request "judicial

9

review," which is generally referenced in connection with either contested case review under sections 536.100-.140 or non-contested case review under section 536.150.

Finally, although Gordon did not clearly cite to section 536.150, he also did not exclusively rely on section 536.100, instead citing to section "536.50."[11] Thus, under the liberal standard applied to pleadings on review of a motion to dismiss for failure to state a claim, the petition could be read as challenging a specific action, and seeking either contested case review, or, in the alternative, non-contested case review.

For the foregoing reasons, Point I is granted.

### Conclusion

The trial court erred in dismissing the petition for lack of subject matter jurisdiction. The case is remanded for proceedings consistent with this opinion.

_____
Karen King Mitchell, Presiding Judge

Cynthia L. Martin and Gary D. Witt, Judges, concur.

---

[11] We note that Gordon's reference to section 536.50 is perplexing. While the City and the trial court both assumed that this clearly incorrect citation was meant as a reference to section 536.050, this interpretation does not seem reasonable for several reasons. First, Gordon stated in his response to the City's amended motion to dismiss that he was *not* seeking a declaratory judgment under section 536.050, but rather that he was seeking a declaratory judgment as an alternative should the trial court find that the challenged decision did not arise from a contested case. Second, nowhere in the petition does Gordon allege that the underlying decision was a rule or its equivalent.

10