Edward CROWELL, et al., Appellant,

v.

David COX, County Assessor, Respondent.

WD 80166

Missouri Court of Appeals, Western District.

Filed: August 8, 2017

---

Edward J. Crowell, Parkville, pro se.

John R. Shank, Kansas City for respondent.

Before Division One: James E. Welsh, Presiding Judge, Lisa White Hardwick and Gary D. Witt, Judges

Lisa White Hardwick, Judge

Edward J. and Patricia A. Crowell ("the Crowells") appeal the circuit court's dismissal of their petition for declaratory relief and mandamus after the Missouri State Tax Commission ("Commission") affirmed the assessed value of their property as determined by David Cox, the Platte County Assessor ("Assessor"). The Crowells contend the court erred in dismissing their petition for failure to state a claim upon which relief could be granted because they stated a recognized cause of action. For reasons explained herein, we reverse and remand the case for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

In October 2014, the Crowells bought property in Parkville for $230,000. After purchasing the property, they researched the property's assessment history. They found that, in 2007, the property experienced an increase in appraised value from $48,832 to $57,645, due to a county-wide reassessment of all properties. In December 2007, the property was sold to Barry Solomon and Fleury Yelvington for $234,000. According to the Crowells, the appraised / assessed values of the property more than quadrupled in 2008, from $57,645 / $10,953 to $230,660 / $43,825. Solomon and Yelvington never protested the increased assessment when they owned the property.

Upon discovering this assessment history, the Crowells contacted Assessor, but he offered no explanation of the process or methodology for the increased assessment in 2007. The Crowells engaged in informal negotiations with Assessor to have the assessed value of their property reduced. In May 2015, Assessor advised them that he would reduce the appraised / assessed values on the property from $230,660 / $43,825 to $210,660 / $40,025.

Dissatisfied with the reduction, the Crowells continued discussions with Assessor. Assessor suggested that the county appraiser visit the property to determine if a further reduction was warranted. The county appraiser visited the property and determined that no further reduction would be made.

The Crowells then filed an appeal to the Platte County Board of Equalization ("BOE"). They appeared before the BOE at a hearing in July 2015. The Crowells argued that the assessment violated Section 137.115.1, RSMo 2016,[1] and violated the Equal Protection Clause of the United

---

1. All statutory references are to the Revised Statutes of Missouri 2016.

States Constitution. Assessor offered a copy of the county appraiser's July 2015 appraisal setting the property's appraised value at $210,660. Following the hearing, the BOE confirmed the appraised / assessed values to be $210,660 / $40,025.

The Crowells appealed to the Commission and asserted the same grounds for reversal as they had before the BOE. In December 2015, a hearing officer with the Commission issued a decision and order affirming the BOE's determination. The Crowells then filed an application for review of the hearing officer's decision. On April 26, 2016, The Commission entered a decision and order affirming the hearing officer's decision.

On May 24, 2016, the Crowells filed a petition in the circuit court. The first allegation in their petition was that they were filing "this petition for a de novo review of a Final Order and Decision Of the State Tax Commission dated April 26, 2016 pursuant to RSMo. 536.100 through 536.140." In their "Allegations Common to All Counts," the Crowells detailed the property's assessment history; their discussions with Assessor about the assessment; and their appeals to the BOE, the Commission hearing officer, and the Commission and the arguments they raised in those appeals. The Crowells then asserted two counts for declaratory judgment and one count for writ of mandamus. In their first declaratory judgment count, the Crowells alleged that Assessor "allowed an illegally imposed assessment or derivative thereof to be applied to [their] property and [they] have suffered pecuniary loss thereby." In their second declaratory judgment count, they alleged that the increased appraised / assessed values of their property violated the Equal Protection Clause of the United States Constitution and that the procedure undertaken by Assessor raising the appraised value violated his duties under ar-

ticle X, section 4(b) of the Missouri Constitution and Section 137.115.1. The Crowells requested a declaration of their rights and Assessor's duties under article X, section 4(b) of the Missouri Constitution, Section 137.115.1, and the Equal Protection Clause of the United States Constitution. In their mandamus count, the Crowells asserted that Assessor failed to perform his ministerial duty to assess residential properties at their true value in money, and they requested that the court issue a writ compelling him to assess all real property in Platte County at the statutorily provided percentage of its true value in money.

Seven days later, Assessor filed a motion to dismiss for failure to state a claim upon which relief could be granted. In the motion, Assessor alleged that the Crowells' petition sought relief that the court was unable to provide. Assessor also alleged that the circuit court's *de novo* review was to be based on the record as filed, and the Crowells had not yet filed the record. The Crowells filed the record on August 29, 2016, three months after they filed their petition.

The court held arguments on Assessor's motion to dismiss on September 2, 2016. Following arguments, the court granted Assessor's motion and dismissed the case. Three weeks after the court entered its judgment dismissing the case, the Crowells filed a motion for leave to amend the petition and a motion for enlargement of time in which the court could hear and rule on their motion for leave to amend the petition. The court subsequently entered an order denying the motion for enlargement of time. The Crowells appeal.

### STANDARD OF REVIEW

We review the grant of a motion to dismiss *de novo* and will affirm the dismissal on any meritorious ground stated in the motion. *Vogt v. Emmons*, 158

S.W.3d 243, 247 (Mo. App. 2005). In reviewing the petition to determine if it states a claim, we accept the allegations in the petition as true and grant the plaintiffs all reasonable inferences from those allegations. *Campbell v. Cty. Comm'n of Franklin Cty.*, 453 S.W.3d 762, 767 (Mo. banc 2015). We do not weigh the factual allegations to determine their credibility or persuasiveness. *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012). Rather, we review the petition "to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (citation omitted).

## ANALYSIS

In their first four points on appeal, the Crowells contend the circuit court erred in dismissing their petition for failure to state a claim. In Points I and II, the Crowells allege that the court erred in granting Assessor's motion to dismiss because their petition alleged violations of substantive law that entitled them to relief. In Points III and IV, the Crowells allege that the court erred in granting Assessor's motion to dismiss because their petition stated a claim for declaratory relief. We will address these points out of order.

█ Looking first at Points III and IV, the Crowells assert in these points that their petition contained all of the allegations necessary to state claims for declaratory relief. Declaratory relief was not available to them, however. After the Commission affirmed Assessor's determination of the appraised / assessed values of the Crowells' property, the Crowells' next step was to seek judicial review of the Commission's decision. § 138.470.4. Section 138.470.4 provides that judicial review of the Commission's decision is subject to

"review in the manner provided in sections 536.100 to 536.140." Sections 536.100 to 536.140 prescribe the method for judicial review of final administrative decisions in contested cases. *See Deffenbaugh Indus., Inc. v. Potts*, 802 S.W.2d 520, 522 (Mo. App. 1990).

█ When the circuit court undertakes judicial review of administrative decisions in contested cases, it "exercises special powers confided by special statutes." *Id.* Its power to adjudicate is restricted to only that set forth in those statutes. *Id.* "The special statute defines the right as well as the remedy, so that a grant of relief beyond the authority of the statute is only pretense and without effect." *Id.* Under Sections 536.100 to 536.140, the circuit court has "the authority to examine and correct the agency decision, but not to form a plenary judgment as by a court of general and original jurisdiction." *Id.* at 523. "Equitable remedies and declaratory judgments are unavailable when contested case review is sought under sections 536.100-.140." *Gordon v. City of Kansas City*, 450 S.W.3d 793, 798 (Mo. App. 2014). As this court has explained, "[i]t is not only the construct of [sections 536.100-.140] that withholds from the circuit court on judicial review [of contested cases] the power of equity and for declaratory judgment. It is also precluded by the principle that equity will not act where an adequate remedy at law remains for redress." *Id.* at 798-99 (quoting *Deffenbaugh*, 802 S.W.2d at 523). Because judicial review pursuant to Sections 536.100 to 536.140 was the only remedy available to the Crowells, they failed to state a claim for declaratory relief. *See Deffenbaugh*, 802 S.W.2d at 523.[2] Points III and IV are denied.

---

**2.** In their brief, the Crowells do not explicitly challenge the dismissal of their claim for writ of mandamus. To the extent that they do so implicitly, the analysis and result is the same.

Simply because the Crowells were not entitled to relief on their labeled claims for declaratory relief does not automatically lead to the conclusion that the court properly dismissed their petition. In addressing a motion to dismiss for failure to state a claim, the circuit court is to review the petition "to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause *that might be adopted in that case." Gordon*, 450 S.W.3d at 799 (citations omitted). "[T]he rule is well established in Missouri that the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader." *Am. Eagle Waste Indus., LLC v. St. Louis Cty.*, 379 S.W.3d 813, 829 (Mo. banc 2012) (citation omitted). In Points I and II, the Crowells contend their petition sufficiently alleged violations of statutory and constitutional law entitling them to relief, specifically, judicial review of the Commission's decision pursuant to Sections 536.100 to 536.140.

The Missouri Supreme Court discussed the sufficiency of a petition for judicial review in *Bird v. Missouri Board of Architects, Professional Engineers, Professional Land Surveyors and Landscape Architects*, 259 S.W.3d 516, 521 (Mo. banc 2008). At the outset, the Court noted that "[n]either the statutes nor the civil rules set standards for what a petition for review must contain." *Id.* Specifically, the Court found that Section 536.110 "does not explicitly set forth the requirements for a sufficient petition," and Rule 55.05's fact-pleading requirement for civil cases is not applicable to petitions for judicial review. *Id.*

The Court explained that judicial review of administrative decisions in contested cases "usually consists of questions of law, as specified by section 536.140.2, which describes the scope of judicial review." *Id.* (footnote omitted). Section 536.140.2 provides that the, upon judicial review, the court may determine whether the agency's action:

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

The Court in *Bird* found that the plaintiff's petition, which mirrored the language of these seven factors, was sufficient to state a claim for judicial review because it "outline[d] the issues for the adverse party." *Id.*

Although the Court in *Bird* found that a petition that tracked the language of Section 536.140.2 was sufficient to state a claim for judicial review, *Bird* cannot be characterized as holding that, to be sufficient, petitions for judicial review *must* specifically allege at least one of the seven factors listed in Section 536.140.2. *Dye v. Dep't of Mental Health*, 308 S.W.3d 321, 328 (Mo. App. 2010). "In fact, the *Bird* Court clearly stated that, although desirable, a precise definition of the issues is

Mandamus is equitable relief that the circuit court has no authority to grant in contested case review, *see Gordon*, 450 S.W.3d at 798, and mandamus will not lie where the ade-

quate legal remedy of judicial review is available, *see State ex rel. J.C. Nichols Co. v. Boley*, 853 S.W.2d 923, 924 (Mo. banc 1993).

not required by statute or rule." *Dye,* 308 S.W.3d at 328 (quoting *Bird,* 259 S.W.3d at 521). This is because of the nature of a proceeding for judicial review of an administrative decision:

> In a proceeding such as this, the petition sometimes is written and filed before the full administrative record becomes available. The circuit court may require the party seeking review to specify the precise issues the party is raising. Or the circuit court may require the party seeking review to amend the petition with greater particularity.

*Id.* (quoting *Bird,* 259 S.W.3d at 521). Therefore, in *Dye,* we found that *Bird* stands for the proposition that, "to avoid dismissal, a petition for review must outline the issues for the court and the opposing party." *Id.*

▮ Applying this standard, the Crowells' petition stated a claim for judicial review. The first allegation in their petition was that they were filing the petition for *de novo* review of the Commission's decision pursuant to Sections 536.100 to 536.140. They further alleged that the Assessor's appraisal and assessment of their property, as affirmed by the Commission, violated article X, section 4(b) of the Missouri Constitution; the Equal Protection Clause of the United States Constitution; and Section 137.115.1. Thus, the Crowells' petition essentially alleged that the Commission's decision violated constitutional provisions and was in excess of its statutory authority—two grounds for judicial review pursuant to Section 536.140.2(1) and (2). Their allegations were sufficient to outline the issues for the court

and the opposing party.[3] The circuit court erred in not treating the Crowells' petition as one for judicial review. Points I and II are granted.

Assessor argues that, even if the petition were considered to be a petition for judicial review, however, we should affirm the dismissal because the Crowells failed to file the record in a timely manner. Section 536.130.1 provides that the record before the agency shall be filed within 30 days after the filing of the petition "or within such further time as the court may allow." The Crowells did not file the record until over 90 days after they filed their petition.

▮ When the agency record is not filed within the 30-day period, the circuit court has the discretion either to extend the deadline for filing the record or to dismiss the petition for review. *City of Richmond v. Suddarth,* 120 S.W.3d 212, 215 (Mo. App. 2003). From the record on appeal, it does not appear that the court exercised its discretion with regard to the late filing. Although Assessor noted in his motion to dismiss that the Crowells had not yet filed the agency record, the record was not due at that time—a mere seven days after the petition was filed. The Crowells' late filing of the record was not discussed in the hearing on the motion to dismiss. The sole issue regarding the motion to dismiss that was discussed at the hearing was whether the petition stated a claim upon which relief could be granted. In its judgment, the court stated only that it was sustaining the motion to dismiss "based on the record and the arguments of the parties." Nothing in the record on

---

**3.** That the Crowells erroneously named Assessor, and not the Commission, as the opposing party does not affect their ability to obtain judicial review. "The parties to a review proceeding under § 536.100 are designated by the record made before the administrative agency rather than by the composition of the

review petition." *Williamsburg Truck Plaza v. Muri,* 857 S.W.2d 534, 536 (Mo. App. 1993). Indeed, "[e]xclusive of persons who may be permitted to intervene later on motion, the identity of the petitioners and respondents on review is already set before the petition for review is filed." *Id.* (citation omitted).

appeal indicates that the court dismissed the case based on the Crowells' late filing of the agency record.

The circuit court's judgment dismissing the Crowells' petition is reversed. The cause is remanded to the circuit court to consider the petition as a petition for judicial review of a contested case in accordance with all of the provisions of Sections 536.100 to 536.140.[4] On remand, the court may consider the issue of the Crowells' late filing of the agency record and exercise its discretion either to allow the late filing or to dismiss the case on that basis.

### CONCLUSION

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All Concur.

---

4. Because we are reversing and remanding the case with directions for the court to consider this as a petition for judicial review, we need not address the Crowells' remaining point. In Point V, they allege that the court erred in denying their motion to enlarge the time within which the court could hear and rule on their motion for leave to amend the petition.