Thomas H. Newton, Presiding Judge *86 Mr. Michael Peters appeals a Jackson County Circuit Court judgment dismissing with prejudice his declaratory-judgment petition which sought to remove his name from the Missouri Sex Offender Registry. Mr. Peters argues that the court erred in sustaining the sheriff's motion to dismiss without allowing him an opportunity to respond and be heard on the merits of his claim that he was not required under either state or federal law to register as a sex offender for a 2001 criminal misdemeanor conviction. We reverse and remand for further proceedings.
Mr. Peters pleaded guilty on November 21, 2001, to one count of third-degree assault, § 565.070, RSMo. 2000. He claimed that his crime did not involve a minor, although the physical injury to which he admitted was, according to the sheriff's motion to dismiss, caused by Mr. Peters touching the victim's vagina.[1] At some unspecified time in 2016, Mr. Peters was notified by the county sheriff's office that he was required to register as a sex offender or risk immediate arrest for a felony. He duly registered, and then filed for declaratory judgment in August 2016, seeking to remove his name from the registry.[2] That petition was dismissed.[3] Mr. Peters then filed another petition for declaratory relief in February 2017. In that petition, Mr. Peters sought a declaration that he was not required to register as a sex offender under either state or federal law. He did not bring his claim for relief under section 589.400, which has narrow removal provisions for certain offenders.[4] The sheriff filed a motion to dismiss within thirty days of service on the ground that the petition failed "to state a claim upon which relief can be granted." The sheriff argued that Mr. Peters was required to register under both federal and state law and was not among those individuals eligible for removal under subsections 7 and 8 of Missouri's Sex Offender Registry Act (SORA). §§ 589.400.7 and .8. The sheriff also argued that Mr. Peters was time-barred from filing a petition for removal under SORA, which requires that if a removal petition is "denied," the petitioner must "wait at least twelve months before petitioning the court again." § 589.400.9(2). According to the sheriff, the Jackson County Circuit Court had previously addressed Mr. Peters's claims in dismissing Mr. Peters's August 2016 petition.
*87 Fourteen days after the motion to dismiss was filed and without receiving a response to or hearing argument on the motion, the court found that Mr. Peters "has been required to register under federal law in the past" and that this registration requirement "triggers Missouri's lifetime registration requirement." Citing section 589.400 and Doe v. Toelke , 389 S.W.3d 165 (Mo. banc 2012), the court dismissed Mr. Peters's petition with prejudice.[5] Mr. Peters timely filed this appeal.
Legal Analysis
In the sole point relied on, Mr. Peters argues that the trial court erred in granting the motion to dismiss without giving him an opportunity to respond because he has stated a cause of action and the rules of civil procedure afford him that opportunity. The sheriff responds not by addressing the merits but by relying on the argument that we can affirm on any ground asserted in the motion to dismiss and that Mr. Peters's petition was time-barred under section 589.400, an issue not addressed by the trial court.
Because we find that the inclusion of matters outside the declaratory-judgment petition in the motion to dismiss required the trial court to consider matters outside the pleadings, it was required to treat the sheriff's motion as one for summary judgment and to give the "parties reasonable opportunity to present all material pertinent to such a motion. Rule 55.27." Duvall v. Lawrence , 86 S.W.3d 74, 82 (Mo. App. E.D. 2002) ; see also Golden Valley Disposal, LLC v. Jenkins Diesel Power, Inc., 183 S.W.3d 635, 638 (Mo. App. S.D. 2006) (motions filed in "Case II" were presented as motions to dismiss, but, because documents from "Case I" were presented so the court could consider a res judicata argument, the appellate court was required to "treat the motions as requesting, and the trial court ruling as granting, a summary judgment in favor of defendants"); Defford v. Zurheide-Hermann, Inc. , 536 S.W.2d 804, 808 (Mo. App. 1976) ("A 'speaking motion to dismiss' for failure to state a claim upon which relief can be granted, by referring to material not in the pleadings, such as a prior judgment, becomes in effect a motion for summary judgment."). Rule 55.27(a) requires that a motion asserting the plaintiff's failure to state a claim upon which relief can be granted "shall be treated as one for summary judgment" where the movant presents matters outside the pleadings and they are not excluded by the court.[6] In that event, the motion shall be "disposed of as provided in Rule 74.04. All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04." Rule 55.27(a). The trial court entered its judgment fourteen days after the sheriff filed a motion to dismiss which referred therein to a prior judicial proceeding as well as the facts underlying Mr. Peters's criminal conviction, matters that were outside the pleadings, thus converting it to a motion for summary judgment. Under Rule 74.04, this was an error. Mr. Peters had thirty days after service of the motion to respond. Rule 74.04(c)(2).[7]
*88 We would also note that, even had the sheriff not presented matters outside the petition to the trial court, the court did not appear to consider whether the facts alleged in Mr. Peters's petition met the elements of a recognized cause of action or of a cause that might be adopted in the case, which we must do under our de novo review standard on the appeal of grant of a motion to dismiss. Crowell v. Cox , 525 S.W.3d 578, 582 (Mo. App. W.D. 2017) (stating that, in reviewing a petition to determine whether it states a claim, "we accept the allegations in the petition as true and grant the plaintiff[ ] all reasonable inferences from those allegations. We do not weigh the factual allegations to determine their credibility or persuasiveness."). Rather, the trial court determined the case merits, deciding that Mr. Peters had been "required to register under federal law in the past," and thus, under section 589.400, was subject to Missouri's lifetime registration requirement.
The state's registration requirement, § 589.400.1(1), which cannot apply directly to Mr. Peters, because he was not convicted of an offense under chapter 566 or of sexual conduct involving a minor, also includes within its ambit any person required to register under federal law. § 589.400.1(8), RSMo. (2000 & Supp. 2009). The federal sex offender registration statute, 42 U.S.C. §§ 16901-16929 (SORNA), was enacted in 2006 and made retroactive in 2008 to apply to all sex offenders, even those who were convicted before 2006, by means of interim and final U.S. Department of Justice rules, 72 Fed. Reg. 8894 (Feb. 28, 2007) and 73 Fed. Reg. 38,030 (July 2, 2008). SORNA defines a "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1) (emphasis added). A "sex offense" is defined, in part, as "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(i) (emphasis added).
The sheriff argued in his motion to dismiss that Mr. Peters's crime fit this definition because the underlying crime, but not the statutory elements of third-degree assault, involved sexual contact. Had Mr. Peters been given the opportunity to address this argument, he could have cited for the trial court's consideration U.S. v. Price , 777 F.3d 700, 708 (4th Cir. 2015), cert. denied , --- U.S. ----, 135 S.Ct. 2911, 192 L.Ed.2d 941 (2015), where the Fourth Circuit discussed how the courts determine whether Congress intended for an element- or fact-based approach to apply to specific terms in federal statutes, i.e., whether reference to a crime's elements for purposes of, for example, sentencing enhancement, requires looking only to the statutory definition of the prior offenses or a consideration of other evidence regarding the prior crimes. The U.S. Supreme Court has interpreted the use of words such as "conviction" and "element" "to indicate that Congress meant for the statutory definition to cover a generic offense, implicating the categorical or modified categorical framework," which eschews looking to a conviction's circumstances. Id. ("Because the categorical approach looks squarely at the elements of the offense of conviction, a reviewing court is precluded from examining the circumstances underlying the prior conviction") (citing Taylor v. U.S., 495 U.S. 575, 600-01, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ).[8] It is arguable that Mr. Peters's conviction for third-degree *89 assault, whose elements are attempting to cause or recklessly causing physical injury to another person, § 565.070.1(1), RSMo. 2000, did not fall within SORNA's definition of sex offense and he was not, accordingly, required to register under federal law in the past.[9] Mr. Peters, however, did not have the opportunity to make this argument, so we must remand the matter for the trial court to allow him to do so. Mr. Peters also contends that he "did not avail himself of the independent, federally mandated registration requirements of SORNA via interstate travel," and, again, the trial court did not consider this matter because it failed to conduct a hearing on the merits. Mr. Peters's argument appears to implicate 18 U.S.C. § 2250(a), which imposes federal punishment on sex offenders who are required to register, travel in interstate commerce, and knowingly fail to register. This argument is not fully briefed by either party, so we do not consider it further, although it can be addressed if Mr. Peters raises the matter on remand.
In addition, we are inclined to reject the sheriff's attempt to apply the time limits of successive removal petitions under state law given that Mr. Peters did not base his petition on section 589.400 and the sheriff argued in his motion to dismiss that Mr. Peters "does not meet the eligibility requirements to be removed from the registry" in that he is not among those individuals expressly permitted to bring such petitions. If Mr. Peters is ineligible to file a removal petition under section 589.400, then it would appear that the statute, with its time limitations, does not apply to him. We further question the time-bar's applicability where a prior proceeding ends in dismissal rather than denial. Without deciding the merits of Mr. Peters's petition, we conclude that he must be given the opportunity to respond and be heard as to the merits of what was, in effect, the sheriff's summary-judgment motion. This point is granted.
Conclusion
Because the trial court erred in failing to give Mr. Peters an opportunity to respond or be heard before dismissing his declaratory-judgment petition with prejudice, we reverse and remand for further proceedings.
The sheriff indicated in the motion to dismiss that Mr. Peters's crime involved recklessly causing physical injury to the victim, which falls within section 565.070.1(1), a class A misdemeanor. § 565.070.2. For this offense, the court was authorized to sentence Mr. Peters to a term of imprisonment not to exceed one year. § 558.011.1(5). According to Mr. Peters, the court suspended the imposition of sentence and placed him on probation for two years.
The sheriff referred to this prior action, which is not the subject of this appeal, in his motion to dismiss the petition at issue in this appeal.
According to the case.net file for the prior proceeding, Case No. 1616-CV19565, the trial court dismissed without prejudice Mr. Peters's first declaratory-judgment action as to the defendant state highway patrol superintendent without a response or hearing. (Nov. 28, 2016, order). The sheriff requests that we take judicial notice of this case. The court found that Mr. Peters's first petition failed to state a claim for relief because he is required to register under state law in that he is a sex offender under federal law. (Nov. 28, 2016, order). The court then dismissed with prejudice Mr. Peters's first declaratory-judgment action as to the defendant sheriff, also without a response or hearing. (Jan. 9, 2017 order). Mr. Peters contends that the time-bar of section 589.400.9(2) cannot apply to this first petition as it was not "denied."
Statutory references are to RSMo. 2000 (Supp. 2009), unless otherwise indicated.
In Doe v. Toelke , 389 S.W.3d 165, 167 (Mo. banc 2012), our supreme court determined that if a sex offender has been required to register under federal law, then that offender has a present state registration obligation, even if the crime occurred before the state law, which cannot be applied retroactively under our Constitution's ex-post-facto clause, took effect.
Rule references are to the Missouri Rules of Civil Procedure (2017), unless otherwise indicated.
We find merit as well to Mr. Peters's argument that, by challenging the merits of his claims rather than the sufficiency of his averments, the sheriff's motion should more properly be denominated a motion for summary judgment.
In contrast, because SORNA defines such crimes more broadly, offenders whose victims were minors are subject to a non-categorical approach that considers the underlying facts of the offense. See Wilkerson v. State , 533 S.W.3d 755, 759 (Mo. App. W.D. 2017) ; see also U.S. v. Hill , 820 F.3d 1003, 1005 (8th Cir. 2016) (citing U.S. v. Price as persuasive authority, court concludes that "conduct that by its nature is a sex offense against a minor" under SORNA is analyzed by means of "a circumstance-specific approach"), cert. denied , --- U.S. ----, 137 S.Ct. 829, 197 L.Ed.2d 71 (2017).
The sheriff states in a footnote to his motion to dismiss that Mr. Peters's "duty to register as a sex offender under SORNA may have expired on May 22, 2016." Without explanation, we can only speculate that this statement refers to SORNA's characterization of offenders according to tiers that relate to the time they are required to serve; tier one offenders, like Mr. Peters, who are sentenced to serve less than one year, have a fifteen-year obligation to register under SORNA. 42 U.S.C. §§ 16911(2) & 16915(a)(1). We would note that in Wilkerson we interpreted Toelke as imposing a lifetime registration obligation under state law regardless of the federal law's tiered distinctions, but questioned whether this accurately reflected the General Assembly's intent. Wilkerson , 533 S.W.3d at 761. Regardless, we do not know on this record whether the sheriff was, in fact, referring to SORNA's fifteen-year reporting obligation or even when in 2016 Mr. Peters was instructed to register, i.e., whether that occurred within or outside his federal reporting obligation.