

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| **LITTLE SISTERS OF THE POOR, et al.,** ) | |
| ) | |
| **Respondents,** ) | |
| **v.** ) | **WD82935** |
| ) | |
| ) | |
| **MISSOURI DEPARTMENT OF SOCIAL** ) | **OPINION FILED:** |
| **SERVICES and MO HEALTHNET** ) | **August 18, 2020** |
| **DIVISION,** ) | |
| ) | |
| **Appellants.** ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Patricia S. Joyce, Judge**

**Before Division Four:**  Karen King Mitchell, Presiding Judge, and
Thomas H. Newton and Edward R. Ardini, Jr., Judges

The Missouri Department of Social Services (DSS) and MO HealthNet Division (MHD)

appeal from the circuit court's entry of judgment adopting a decision of the Administrative Hearing

Commission, following a petition filed by several nursing homes, and finding that MHD exceeded

its statutory authority by implementing a Medicaid reimbursement rate reduction for nursing

facilities using a specific dollar amount, rather than a percentage, and by promulgating a regulation

to implement that rate reduction.  DSS and MHD argue that the circuit court improperly treated

the matter as judicial review of a contested case under the Missouri Administrative Procedures Act

(MAPA), § 536.010, et seq.,[1] and, as a result, they were not permitted to introduce evidence relevant to the court's determination. DSS and MHD also raise challenges on the merits of the circuit court's decision, but, because we believe the circuit court did not have authority to conduct judicial review of a contested case, we do not reach the merits of the underlying issues. Instead, we reverse and remand the matter to the circuit court to allow Nursing Homes to amend their petition to seek a declaratory judgment, rather than judicial review of a contested case.

**Background**

On May 4, 2017, the Missouri General Assembly passed an appropriation bill that was approved by the governor on June 30, 2017. The bill included a 3.5% reduction in Medicaid per diem reimbursement rates for nursing facilities. In response, on July 26, 2017, MHD sent letters to all nursing facilities participating in the MO HealthNet Program, advising each facility that its per diem rate would be reduced by $5.37 for dates of service between August 1, 2017, and June 30, 2018, and reduced by $4.83 for dates of service beginning July 1, 2018.[2] This rate was reflected in an amendment to 13 C.S.R. § 70-10.016(3)(A)21, pertaining to Adjustments to the Reimbursement Rates:

> (3) Adjustments to the Reimbursement Rates. Subject to the limitations prescribed in 13 CSR 70-10.015, a nursing facility's reimbursement rate may be adjusted as described in this section. . . .
>
> (A) Global Per Diem Rate Adjustments. A facility with either an interim rate or a prospective rate may qualify for the global per diem rate adjustments. Global per diem rate adjustments shall be added to the specified cost component ceiling.
> . . .
>
> 21. FY-2018 per diem adjustment—
>
> A. Facilities with either an interim rate or a prospective rate in effect on August 1, 2017, shall be subject to a decrease in their per diem rate effective for dates of

---

[1] All statutory references are to the Revised Statutes of Missouri (2018), unless otherwise noted.

[2] The difference in the rate reduction for FY2018 and FY2019 reflect spreading the reduction over 11 months in FY2018 versus 12 months in FY2019.

service August 1, 2017 through June 30, 2018, of five dollars and thirty-seven cents ($5.37);

B.  The per diem adjustment of five dollars and thirty-seven cents ($5.37) shall be deducted from the facility's current rate as of July 31, 2017, and is effective for dates of service beginning August 1, 2017;

C.  Effective for dates of service beginning July 1, 2018, the per diem decrease shall be reduced to four dollars and eighty-three cents ($4.83).  A per diem adjustment of fifty-four cents ($0.54) shall be added to the facilities' current rate as of June 30, 2018, which includes the five dollars and thirty-seven cents ($5.37) decrease, and is effective for dates of service beginning July 1, 2018; and

D.  This decrease is contingent upon approval by the Centers for Medicare and Medicaid Services [CMS].

13 C.S.R. § 70-10.016(3)(A)21.

Between August 18 and August 25, 2017, 330 separate nursing facilities (Nursing Homes) filed complaints with the Administrative Hearing Commission (AHC), challenging the amendment to the regulation implementing the rate reduction for one or more of the following reasons:

a.  It was implemented without approval from CMS, in violation of MHD's own regulation and federal law;

b.  It violated the intent of the Missouri General Assembly set forth in [the appropriation bill that] set forth a 3.5% rate reduction;

c.  The method by which MHD implemented the rate reduction was arbitrary, capricious, or unreasonable as MHD failed to consider the negative impact to lower-rate providers by use of a flat dollar reduction rather than a percentage reduction;

d.  The method by which MHD implemented the rate reduction violated the Equal Protection Clauses of the United States and Missouri Constitutions for the same reason the method was arbitrary, capricious, or unreasonable;

e.  MHD violated various provisions of the federal Medicaid Act[] and regulations, which have been incorporated into Missouri law, because the reduction was based solely on budgetary constraints without any discussion, information, studies, or analysis related to the sufficiency of the rates to meet beneficiary needs, the impact the reduction would have on access to nursing facility services, the effect the reduction would have on quality or level of care, or whether the rates are reasonable and adequate to meet provider costs; and

3

f. The state failed to have an access monitoring review plan as required by federal Medicaid regulations incorporated into Missouri law.

The AHC consolidated all 330 complaints, naming Little Sisters of the Poor as the lead petitioner.

MHD asserted two affirmative defenses:

[1] its action in reducing the reimbursement rates was "legally justified" under the Missouri Constitution, Article III §§ 36 and 39, and Article IV § 28, §§ 208.151.6 and 208.154, "and the implementing regulations, the Social Security Act and federal regulations issued by CMS" and

[2] it was barred from paying [Nursing Homes] a per diem reimbursement rate effective July 31, 2017, without the $5.37 reduction pursuant to the Missouri Constitution, Article III §§ 36 and 39, and Article IV § 28.

The AHC held a hearing on Nursing Homes' complaints on April 10 and 11, 2018. On June 13, 2018, the AHC issued findings of fact and conclusions of law, indicating:

We lack authority to reach a decision in their totality on [Nursing Homes'] claims and [DSS/MHD's] affirmative defenses regarding a change in [Nursing Homes'] Medicaid per diem reimbursement rates. We have the authority to make findings of fact in the context of the legal issues raised by the parties, and do so herein so that the parties may exhaust their administrative remedies and preserve their claims and defenses for appeal.

Nursing Homes filed a petition for judicial review in the Cole County Circuit Court and invoked § 536.110, allowing for a petition to seek judicial review of contested cases under the MAPA. In the petition, Nursing Homes sought the following:

1. a ruling that MHD's decision to reduce the nursing facility reimbursement rates, and the regulation implementing the rate reduction, were invalid, for the reasons set forth in the Commission's findings of fact and conclusions of law;

2. a ruling that MHD violated its own regulation, and such violation was not justified by MHD's constitutional defenses; and

4

3. findings and conclusions from the Court regarding Petitioners' constitutional claims, including Petitioners' claim that the method used by MHD to implement the rate reduction violated the Equal Protection Clauses of the United States and Missouri Constitutions.

The AHC certified the record before it and filed it with the circuit court under § 536.130. The circuit court then determined that, "[b]ecause the proceeding before the [AHC] was a 'contested case,' this Court reviews the [AHC]'s Decision pursuant to §§ 536.100-.140, RSMo." (citing § 536.010(4), defining "contested case"). The circuit court then adopted the findings of fact made by the AHC and issued its own conclusions of law, determining that (1) "MHD acted in violation of its own regulation"; (2) "[t]he rate reduction exceed[ed] MHD's statutory authority, [wa]s unauthorized by law, [wa]s arbitrary, capricious, or unreasonable, or [wa]s an abuse of discretion"; (3) "MHD's methodology to implement the rate reduction was arbitrary, capricious, or unreasonable and violated the Equal Protection Clauses of the United States and Missouri Constitutions"; (4) "MHD exceeded its statutory authority by implementing the rate reduction using a dollar amount and by promulgating a regulation to implement the rate reduction for SFY 2019 because MHD's methodology [wa]s contrary to the legislative intent"; and (5) DSS and MHD's constitutional defenses were meritless. DSS and MHD appeal.[3]

**Analysis**

Because the circuit court treated the matter as judicial review of a contested case, even though DSS and MHD have appealed, Nursing Homes filed the appellant's brief in this matter purportedly under Rule 84.05(e).[4] Rule 84.05(e) provides:

> If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, a party

---

[3] Nursing Homes filed two motions to strike during this appeal; one was directed at DSS and MHD's brief, and the other was directed to a letter from DSS and MHD referencing supplemental authority. Both motions were taken with the case and are now denied.

[4] All Rule references are to the Missouri Supreme Court Rules (2019), unless otherwise noted.

aggrieved by the circuit court decision shall file a notice of appeal and the record on appeal and shall file with the record on appeal a notice designating the party that is aggrieved by the agency decision. The party aggrieved by the agency decision shall file the appellant's brief and reply brief, if any, within the time otherwise required for the appellant to file briefs.

The circuit court, however, did not reverse the decision of the AHC, and we cannot review the decision of the AHC because it was nothing more than an advisory opinion. These problems (and others) arose because Nursing Homes improperly sought judicial review of a contested case. For that reason, we reverse the circuit court's judgment and remand for Nursing Homes to amend their petition to seek a declaratory judgment, rather than judicial review of a contested case.

Section 536.100 provides for judicial review for "[a]ny person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case." A "contested case" is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4). Accordingly, to be entitled to judicial review in the circuit court, Nursing Homes had to be aggrieved by a final decision that determined the "legal rights, duties or privileges of specific parties." DSS and MHD argue that, because the AHC "lacked the authority to reach a decision on the claims and affirmative defenses of the parties" and made only "findings of fact in the context of legal issues, . . . the decision has no practical effect and fails to resolve the dispute at issue, thus making the AHC's decision in this case an advisory opinion." And, because an advisory opinion cannot determine "legal rights, duties, or privileges of specific parties," the AHC's decision was not a final decision in a contested case. We agree.

The vast majority of issues brought by Nursing Homes were challenges to the validity of the regulation changing their reimbursement rate. But "[t]he AHC lacks jurisdiction to rule on the validity of agency regulations." *Beverly Enters.-Mo. Inc. v. Dep't of Soc. Servs., Div. of Med.*

6

*Servs.*, 349 S.W.3d 337, 344 (Mo. App. W.D. 2008); *State Tax Comm'n v. Admin. Hearing Comm'n*, 641 S.W.2d 69, 76 (Mo. banc 1982). Because the AHC cannot rule on the validity of regulations, it cannot fully determine the legal rights, duties, or privileges of parties in matters challenging the validity of regulations. *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468, 472 (Mo. banc 2018). And a final determination of the parties' rights is an "essential" prerequisite for judicial review of a contested case. *450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur, Mo.*, 477 S.W.3d 49, 55 (Mo. App. E.D. 2015).

The AHC directly acknowledged its lack of authority "to reach a decision in their totality on [Nursing Homes'] claims and [DSS and MHD's] affirmative defenses regarding a change in [Nursing Homes'] Medicaid per diem reimbursement rates." The AHC noted that its authority was limited to making "findings of fact in the context of the legal issues raised by the parties," and did so for the stated purpose of allowing "the parties [to] exhaust their administrative remedies and preserve their claims and defenses for appeal." Exhaustion, however, may not have been required in this instance because, as applicable here, § 536.050.1 allows for declaratory judgment suits to be brought challenging the validity of agency rules or regulations without exhaustion of administrative remedies where either "(1) The administrative agency has no authority to grant the relief sought or the administrative remedy is otherwise inadequate; or (2) The only issue presented for adjudication is a constitutional issue or other question of law."[5] § 536.050.2(1)-(2). And § 536.053 expressly grants standing to "[a]ny person who is or may be aggrieved by any rule

_____

[5] It is tempting to question why the AHC proceeded with review of this case when it lacked subject matter jurisdiction over all but one claim (because the claims addressed the validity or invalidity of a regulation), and as to that remaining claim (whether the regulation, even if valid, required CMS approval before the rate reduction could be implemented), DSS and MHD raised a constitutional affirmative defense that the AHC could not resolve. *See State Tax Comm'n v. Admin. Hearing Comm'n*, 641 S.W.2d 69, 76 (Mo. banc 1982). That said, § 208.156.4 allows a Medicaid provider aggrieved by a rule or regulation promulgated by DSS to bring an action before the AHC. We need not resolve the parameters of the AHC's authority in this area, because §§ 208.156.10, 536.050, and 536.100 address when a party may seek judicial review or file a declaratory judgment action in circuit court.

promulgated by a state agency . . . to challenge any rule promulgated by a state agency and . . . bring such an action *pursuant to the provisions of section 536.050.*" (Emphasis added.) It also reiterates that "[s]uch person shall not be required to exhaust any administrative remedy." *Id.* In any event, section 208.156.10 specifically provides that "a person receiving or providing benefits shall have the right to bring an action in appealing from the administrative hearing commission in the circuit court of Cole County, Missouri, or the county of his residence *pursuant to section 536.050.*" (Emphasis added.) Because the AHC lacked authority needed to resolve both the claims and defenses on the merits, exhaustion was likely not required,[6] and Nursing Homes should have sought a declaratory judgment, rather than petitioning the circuit court for contested case review.[7]

The AHC, recognizing the limits of its authority, refused to issue the ultimate legal conclusion Nursing Homes sought. But that did not stop the AHC from issuing multiple factual findings and legal conclusions related to the ultimate question of the regulation's validity. Yet Nursing Homes have pointed to none of those factual findings or legal conclusions as determining

---

[6] Because one of the claims was not directed at invalidating the regulation, it was not clear at the outset that the AHC would be unable to resolve any of the claims presented; that did not become apparent until DSS and MHD filed an affirmative defense raising a constitutional issue. At that point, however, the matter could have been stayed in the AHC while Nursing Homes filed a declaratory judgment action to resolve the matter.

[7] We recognize that, in *Beverly Enterprises-Missouri, Inc. v. Department of Social Services*, *Division of Medical Services*, 349 S.W.3d 337, 344 (Mo. App. W.D. 2008), the court simply treated the petition improperly seeking judicial review as a petition for declaratory judgment. We find that approach inappropriate because "[d]eclaratory judgment relief is not a remedy available in contested case review under section 536.100." *Gordon v. City of Kansas City*, 450 S.W.3d 793, 799 (Mo. App. W.D. 2014). Additionally, this case is distinguishable from *Beverly* insofar as there was no claim of harm resulting from the circuit court's improper review in *Beverly*, whereas here, DSS and MHD have asserted prejudice because the circuit court refused to accept new evidence from DSS and MHD and instead relied solely upon the record made before the AHC. "The judicial review of administrative decisions is confined to questions of law that arise from the evidence adjudicated and the manner of that adjudication. Thus, the court of review is precluded from the consideration of evidence other than that presented to the agency." *Deffenbaugh Indus., Inc. v. Potts*, 802 S.W.2d 520, 523 n.4 (Mo. App. W.D. 1990). Had Nursing Homes sought a declaratory judgment action, rather than judicial review of a contested case, DSS and MHD would have been able to introduce the evidence the circuit court below refused to consider. *See Sanders v. City of Columbia*, 481 S.W.3d 136, 145 n.8 (Mo. App. W.D. 2016) (noting, that "on remand, there is nothing preventing the parties from stipulating to the circuit court that it may determine [the issues] based upon any transcript, depositions, or set of exhibits upon which they may choose to agree; conversely, there is nothing *requiring* the parties to present evidence to the circuit court in that fashion.").

8

the legal rights, duties, or privileges of any party. "If a party's interests are unaffected by resolution of an issue[,] he has no standing to raise it." *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227 (Mo. banc 1982). Because none of the AHC's findings of facts and conclusions of law determined legal rights, duties, or privileges of any parties, Nursing Homes were not entitled to seek judicial review under § 536.100.

In sum, because the AHC lacked authority to decide any of the legal issues raised before it and thus Nursing Homes' legal rights, duties and privileges were not (and could not be) decided by the AHC, it was improper for Nursing Homes to seek contested case review in the circuit court. Instead, in the posture of this case, Nursing Homes should have brought "an action in appealing from the administrative hearing commission . . . in the circuit court . . . pursuant to section 536.050," the statute authorizing a declaratory judgment. *See* § 208.156.10, RSMo.

**Conclusion**

The circuit court erred in reviewing the matter as a contested case under the MAPA. Its judgment is reversed and the matter is remanded to allow Nursing Homes to amend their petition to seek a declaratory judgment, rather than judicial review of a contested case.

_____
Karen King Mitchell, Presiding Judge

Thomas H. Newton and Edward R. Ardini, Jr., Judges, concur.